RALPH BUELOW, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Buelow v. Commissioner
Docket No. 33973-86
United States Tax Court
T.C. Memo 1990-219; 1990 Tax Ct. Memo LEXIS 238; 59 T.C.M. (CCH) 502; T.C.M. (RIA) 90219; April 30, 1990, Filed Ralph Buelow, pro se. Mark D. Peterson, for the respondent. COLVIN, Judge. COLVIN
*720 MEMORANDUM *239 FINDINGS OF FACT AND OPINION Respondent determined deficiencies in income tax and additions to tax as follows: Sec. 6653(a) or
Year
Tax
[1] Sec. 6651(a) Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
1979
$ 14,687
$ 3,672 $ 734  $ 615  1980
15,223
3,806   761    969    1981
60,710
15,178  3,036  *  4,651  1982
22,785
5,696   1,139  ** 2,219  1983
26,501
6,625   1,325  ***
1,623  *721 Petitioner seeks to avoid Federal income tax through creation of a purported family trust. The issues for decision are: 1. Whether petitioner has unreported taxable income for *240 the years 1979-1983. We hold that he does. 2. Whether income and expenses incurred from the last half of 1980 through 1983 are the income and expenses of petitioner or of the purported family trust, named the Buelow Farms Trust. We hold that the purported trust is not an entity separate and distinct from petitioner for Federal income tax purposes. 3. Whether petitioner is liable for additions to tax (a) for negligence under section 6653(a) or 6653(a)(1) and (2); (b) for failure to pay estimated taxes under section 6654; and (c) for failure to file Federal income tax returns under section 6651(a)(1). We hold that petitioner is liable for these additions to tax. 4. Whether damages should be imposed under section 6673 for maintaining this action primarily for delay or for maintaining a frivolous position. We require the taxpayer to pay damages in the amount of $ 5,000. FINDINGS OF FACT Petitioner resided in Fox Lake, Wisconsin, when he filed this petition. He filed a joint Federal income tax return for 1978 with his wife, Carol Buelow. He did not file Federal income tax returns for the years 1979, 1980, 1981, 1982, and 1983. Petitioner owned and operated a dairy farm *241 in Chilton, Wisconsin, at least from 1979 through 1983. On June 1, 1980, he executed a "declaration of trust" which purported to create the Buelow Farms Trust. Petitioner's wife, Carol Buelow, and his daughter, Bonnie Casper, were the initial trustees of the purported trust. They have been trustees of the purported trust from its inception to the date of trial. The declaration of trust did not identify the beneficiaries of the purported Buelow Farms Trust. Beneficiaries of the purported trust have not been identified from the date of its creation through 1983. Even if beneficiaries exist, distributions have not been made to any of the beneficiaries of the purported trust. On June 5, 1980, petitioner executed a Quitclaim Deed which allegedly transferred his farm and all his personal property (except cash) to the purported Buelow Farms Trust. Petitioner resided on the farm with his wife and two children during the period 1979 through 1983. He never paid any rent to the Buelow Farms Trust after the purported transfer of property on June 5, 1980. Bonnie Casper and her husband resided in another residence located on the Chilton farm from 1975 to November 1987. Neither she *242 nor her husband ever paid any rent to petitioner prior to June 5, 1980, or to the Buelow Farms Trust after June 5, 1980, through December 31, 1983. Petitioner sold milk and grain to a number of third parties and continued to receive payments in the form of checks made payable to him after the purported trust creation. He also continued to control the farm assets after June 5, 1980. Petitioner's duties on the farm were the same after the transfer of the farm to the purported trust as before the transfer. Neither petitioner nor his wife had any employment outside of the farm from June 5, 1980 through 1983. Petitioner did not provide any credible evidence concerning whether there was an actual conveyance of property to the purported Buelow Farms Trust; whether such conveyance was by gift or sale; and if the transfer was by sale, what consideration he received in exchange for the farm property. Petitioner's only source of funds for his and his family's personal living expenses from June 5, 1980 through 1983, was money received from the operation of the farm. The purported Buelow Farms Trust filed Fiduciary income tax returns (Forms 1041) for the taxable years ended May 31, 1982, May 31, 1983, May 31, 1985, and *243 May 31, 1986. A notice of deficiency for taxable years 1979 through 1983 was mailed to petitioner on June 9, 1986. OPINION 1. Unreported Income - The Purported Buelow Farms Trust. The notice of deficiency is presumed correct, and the burden is on petitioner to rebut this presumption. ; Rule 142(a). In this case, petitioner has refused to produce any credible evidence or testimony in support of his petition. Neither petitioner nor his wife or daughter, all of whom were witnesses at the trial, produced any credible evidence in support of petitioner's case. The testimony of petitioner and his family is strewn with remarks such as "I *722 can't remember" and "I would have to check the records." The testimony was vague and contradictory. For example, petitioner testified that he did not receive any funds from the trust. He also testified that he had no other real sources of funds. Yet, he had to support himself, his wife, and two children. Petitioner did not produce any records nor gave any testimony as to the income of the farming operations from 1979 to June 5, 1980 (the period prior to the transfer *244 to the purported trust). When asked about the records of the purported trust, he contended he had no control over them, even though his wife and daughter were the purported trustees. Petitioner's wife and daughter did not bring trust records as required by subpoenas duces tecum which the Court found to be valid. This Court ordered petitioner's wife and daughter to produce the trust records. Petitioner's wife and daughter filed appeals to the United States Court of Appeals for the Seventh Circuit. By separate unpublished orders filed January 17, 1990, and March 15, 1990, both appeals were dismissed for lack of jurisdiction. We believe that petitioner, his wife, and his daughter were all working together in concert to deny respondent and the Court access to discoverable evidence. Petitioner did not produce any credible evidence regarding his income from January 1, 1979, to June 5, 1980, the period prior to the transfer of property to the purported trust. Nor did petitioner produce any credible evidence regarding his income from June 5, 1980, through December 31, 1983, the period after the transfer to the purported trust. Petitioner contends that on June 5, 1980, he created *245 the Buelow Farms Trust and that all income and expenses from the last half of 1980 through 1983 belonged to the trust. As is discussed below, we find that the purported trust fails under State law because there was no intent to create a trust as evidenced by vague trust terms and the lack of trust beneficiaries. Further, we do not recognize the Buelow Farms Trust as a separate entity for Federal income tax purposes. . The mere use of the term "in trust" or other words referring to a trust relationship is not determinative of the existence of a trust. The question of whether the initiator of a transaction intended a trust or an agency depends not so much on the language used, as on the characteristics and purposes of the relationship. ; . The settlor's intention to create a trust must be clear, and the trust instrument must be reasonably certain with respect to the necessary elements for a trust. . *246 In this case, no trust was ever intended. Petitioner's relationship to the farm and its income remained the same before and after the purported transfer of property. See . Petitioner retained control over the farm after the transfer of the property to the purported trust. He continued to work in the same capacity that he had worked in prior to June 1980. Checks from the sale of milk and grain continued to be issued in petitioner's name after June 1980. He stated that he received no income from his work on the farm. His wife testified that he had no employment outside of his work on the farm. When questioned as to how he lived during those years, he stated that it did not take much to live on. Yet he continued to support a wife and at least two children during that time. When questioned about distributions from the trust to the holders of the certificates of beneficial interest, petitioner and both trustees (petitioner's wife and daughter) stated that no distributions ever occurred. He continued to benefit from the property allegedly transferred to the purported trust as he had prior to its creation. It is clear *247 that the party who benefited from the trust was, in fact, the settlor of the trust, and not the beneficiaries. Neither the testimony of petitioner nor the documents entered into evidence state with clarity what constitutes the corpus of the trust. Petitioner testified that he transferred all of his real and personal property, with the exception of his personal funds, to the purported trust. However, the Quitclaim Deed does not make any reference to any personal property. Instead, it merely states "together with all buildings and improvements located thereon." Petitioner did not produce any documentary evidence to support his claim that all of his personal property was transferred to the purported trust. The declaration of trust does not reveal the assets of the trust. We also note that the trust terms are flawed because they are vague. The statement of the trust purpose is couched in and obscure with abstract terms such as "Life Purpose," "Moral Belief," and "Divine Mandate." These declarations are unclear as to who is to benefit from the trust, or what the trustees are to do. Nowhere in the declaration of trust does petitioner specifically state the terms of the purported *248 trust and the identities of the beneficiaries. *723 Based on the testimony and documentary evidence of petitioner and the trustees, we believe that the intent to create a valid trust was lacking. There is no clear testimony as to what was transferred. There is no concise statement in the declaration of trust regarding the beneficiaries and specifically what, if any, beneficial interest they hold in the trust. There is no evidence to support petitioner's contention that the trust was created for the benefit of the beneficiaries. Instead, the testimony clearly shows that only petitioner and his wife enjoyed any benefits from the trust during the years in issue. There is no evidence in the record which definitely identifies the beneficiaries. The only clear-cut testimony regarding the beneficiaries is the testimony of the trustees that no distributions were made by the purported trust to the beneficiaries. Petitioner said that he initially held the certificates of beneficial interest, and at some point he believed he gave them to someone else. The trustees did not identify the recipients of the certificates of beneficial interest, if any, and the number of certificates distributed. *249 However, trustee Carol Buelow testified that the certificates were initially distributed to the trustees of the Buelow Farms Trust. Neither petitioner nor the trustees provided any documentation to support their statements regarding the beneficiaries and the certificates of beneficial interest. The only person who was identified as holding certificates of beneficial interest was petitioner, the purported settlor. From the record, it appears that petitioner continued to control the purported trust, and the trustees were merely acting as his agents. No true fiduciary relationship existed between trustee and beneficiary. We find that the beneficiaries are not clearly identified. The declaration of trust must clearly identify the beneficiaries of the trust or the person on whose behalf the trust is created. . Here, the testimony of petitioner and the trustees fails to shed light on the identity of the beneficiaries of the trust and the distribution of the certificates of beneficial interest. The testimony regarding the beneficiaries is vague and contradictory. Therefore, petitioner has failed to establish *250 the existence of beneficiaries or the identities of the holders of any certificates of beneficial interest. 2. Trust Not Recognized for Federal Income Tax Purposes. Purported family trusts under similar circumstances have not been recognized as separate entities for Federal income tax purposes. ; , affg. a Memorandum Opinion of this Court; ; ; . In Markosian, we found that the trust lacked economic reality and said: Technical considerations and legal niceties of the law of trusts which petitioners seek to hide behind will not obstruct our view when the sole purpose for this subterfuge is the avoidance of Federal income tax. To be sure, a taxpayer has the legal right to minimize his taxes or avoid them totally by any means which the law permits. See . However, this right does not bestow upon the taxpayer the right to structure a *251 paper entity to avoid tax when that entity does not stand on the solid foundation of economic reality. When the form of the transaction has not, in fact, altered any cognizable economic relationships, we will look through that form and apply the tax law according to the substance of the transaction. , aff'd per curiam, . It is axiomatic that a deficiency is proper on the ground that "regardless of regularity of form as a matter of plutological reality, there is no change in economic ownership." ; . We believe that this rationale is equally applicable here. Petitioner continued to operate the farm and support his family with income generated from it. He testified that, along with his wife and two children, he continued to live in the house after the purported creation of the trust and that the purported trust paid all associated personal expenses. After the purported creation of the trust, his *252 daughter, Bonnie Casper, and her husband, continued to live rent free in another residence on the farm. We believe that this purported trust is nothing more than a fictitious entity that confers no rights on the so-called beneficiaries, but instead permits petitioner to control and manage for his own benefit the property allegedly transferred to the purported trust. Therefore, we believe that Buelow Farms Trust should be disregarded for Federal income tax purposes. 3. Additions to Tax. Respondent determined that petitioner is liable for the negligence additions to tax under section 6653(a) for 1979 and 1980 and under section 6653(a)(1) and (2) for 1981, 1982, and 1983. Section 6653(a), as in effect during 1979 and 1980, provided that if any part of any *724 underpayment is due to negligence or intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. For 1981, 1982, and 1983, section 6653(a)(1) imposes an addition to tax equal to 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules and regulations. Section 6653(a)(2) imposes *253 an additional liability of 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that respondent's determination that he was negligent or intentionally disregarded the rules and regulations for each of the years in issue was erroneous. ; . For purposes of these sections, "Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances." , citing , affg. in part and remanding in part and . Petitioner's failure to file returns for the years at issue, his refusal to cooperate with agents of respondent, and his raising of frivolous arguments which have been repeatedly rejected by this Court warrant a finding that petitioner negligently and *254 intentionally disregarded the rules and regulations relating to Federal income tax. See ; , affg. a Memorandum Opinion of this Court, cert. denied . We find that all of the understatements are due to negligence and intentional disregard of the Federal income tax rules and regulations. We hold that petitioner has failed to bear the burden of proving that respondent's determination is erroneous with respect to additions to tax under section 6653(a), and section 6653(a)(1) and (2). Section 6654 imposes an addition to tax for the underpayment of estimated tax. Petitioner has the burden of proving that the respondent erred in determining that the additions to tax under section 6654 for 1979 through 1983 should be imposed. . Petitioner did not present any evidence establishing that respondent's determination is in error. Accordingly, we sustain respondent's determination as to this issue and hold that petitioner is liable for additions to tax under section 6654. Section *255 6651(a)(1) imposes an addition to tax for the failure to file an income tax return when due unless it is shown that such failure to file is due to reasonable cause and not due to willful neglect. Petitioner has the burden of proving that the respondent erred in determining that an addition to tax under section 6651(a)(1) for 1979 through 1983 should be imposed. . Petitioner claims that he filed an income tax return for 1979, but the testimony of revenue agent Ganske convinces us that a return was not filed for that year. We note that the purported trust did not exist until June 5, 1980. Income received by petitioner during 1979 and the first part of 1980 was his, and he was required under section 6012 to file Federal income tax returns for those years. We find that petitioner did not file Federal income tax returns for any of the years at issue. We also find that petitioner has failed to prove that his failure to file is due to reasonable cause and not due to willful neglect. Accordingly, we hold that petitioner is liable for additions to tax under section 6651(a)(1). 4. Application of Section 6673. Section *256 6673 [2] permits the Tax Court to award damages to the United States in an amount not to exceed $ 5,000 when the case is instituted or maintained by petitioner primarily for delay, petitioner's position is frivolous or groundless, or the taxpayer unreasonably failed to pursue available administrative remedies. Petitioner's position in this case is frivolous. The Court of Appeals for the Ninth Circuit, in a factually similar case, has stated: "No reasonable person would have trusted this scheme to work." , affg. a Memorandum Opinion of this Court. The Court of Appeals for the Seventh Circuit, the Circuit to which this case is appealable, in both , and , has also made it clear that the family trust scheme is not a valid way of avoiding payment of taxes. *257 Respondent provided copies of these cases to petitioner in September 1988. The Court believes that petitioner's position is frivolous and that he was aware of it. Petitioner failed to cooperate in preparing this case for trial. The case was originally set for trial on March 13, 1989, and was continued *725 because petitioner contended that he did not receive adequate notice of trial. Assuming his point to be true, the failure to be prepared for trial was due entirely to his failure to notify the Court of his new address. Petitioner has repeatedly refused to produce documents in this case. His wife and daughter, who are the trustees of this purported trust, and with whom we believe petitioner was acting in concert, also refused to produce any documents pursuant to valid subpoenas duces tecum of this Court. Further, petitioner has filed a number of frivolous motions which this Court has denied. These motions have contained obviously frivolous arguments for which there is no basis in fact. We conclude that petitioner's purpose for bringing and maintaining this proceeding was to delay the payment of taxes and not to cooperate. This Court has held that imposition *258 of damages in similar cases is appropriate. See ; . Accordingly, we require petitioner to pay damages of $ 5,000 under section 6673. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code (Title 26 of the United States Code), as amended, and in effect for the years in issue. ↩
*. 50 percent of the interest due on $ 60,710. ↩
**. 50 percent of the interest due on $ 22,785. ↩
***. percent of the interest due on $ 26,501.↩
2. We note that section 6673 was amended by the Omnibus Budget Reconciliation Act of 1989 to provide a penalty of up to $ 25,000 for positions taken after December 31, 1989. We apply section 6673 in this case as in effect before the 1989 amendment.↩